UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEIL M. ROSE,

        Plaintiff,

        v.

CRAIG WILLIAM MILLER, et al.,

        Defendants.

CASE NO. C06-1115RSM

ORDER ON MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADINGS

        This matter is before the Court for consideration of plaintiff's motion for leave to file supplemental pleadings. Dkt. # 26. Although the motion itself refers only to a request to add "a material witness requiring protection", the Court deems it also a motion for leave to file the supplemental pleadings naming John Doe defendants 1-7, filed at Dkt. # 29. This document is a second amended complaint, and may not be filed without leave of Court. F.R.Civ.Proc. 15(a). Although such leave shall be "freely given when justice so requires", the Court finds it is not in the interest of justice to do so here.

        This case arises out of plaintiff's experience as the losing party in a state court matter, filed in Clark County Superior Court. Plaintiff's attorney Diane Woolard was appointed to the Clark County bench during those proceedings.[1] As a result, opposing counsel Craig Miller (defendant here) moved to have a visiting judge from outside Clark County appointed to preside over the case. The motion was granted, and eventually King County Superior Court Judge Richard Eadie presided over the case. There

---

[1] The Hon. Diane Woolard is still an active judge in Clark County Superior Court.

ORDER ON MOTION FOR LEAVE TO FILE
SUPPLEMENTAL PLEADINGS

is no evidence in the record here that plaintiff ever appealed his loss in the state court case. The state court judgment then became the basis for an involuntary bankruptcy proceeding, which is still pending.

From this wholly unremarkable scenario plaintiff has devised this action, purportedly a civil RICO action brought pursuant to 18 U.S.C. § 1964(c). He now seeks to add as defendants Judge Eadie and several lawyers, accusing them of mail fraud and other fraudulent activities in furtherance of the alleged conspiracy. The Court declines to allow this amendment, as these claims are without basis in law, and the amendment would be futile. Leave to amend need not be granted where the amendment is sought in bad faith, or constitutes an exercise in futility. *Ascon Properties, Inc., v. Mobil Oil Co.,* 866 F. 2d 1149, 1160 (9th Cir. 1989). An amendment is futile where it could not survive a motion to dismiss or motion for summary judgment. *Aughe v. Shalala*, 995 F. Supp. 1428, 1433 (W.D.Wash. 1995). Such is the case here.

Plaintiff's motion for leave to file supplemental pleadings is accordingly DENIED, and the supplemental pleadings filed at Dkt. # 29 are accordingly STRICKEN.

DATED this 31 Day of October 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR LEAVE TO FILE
SUPPLEMENTAL PLEADINGS