UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEIL M. ROSE, *et al.*,

    Plaintiffs,

    v.

CRAIG WILLIAM MILLER, *et al.*,

    Defendants.

CASE NO. C06-1115RSM

ORDER GRANTING MOTION TO DISMISS

This matter is now before the Court for consideration of a motion to dismiss filed by defendant Craig Miller. Dkt. # 22. Defendants Kathryn Ellis and Timothy Dore have previously been dismissed from the action. Dkt. # 31. Plaintiff has opposed the motion, but the Court finds no merit to this opposition. For the reasons set forth below, the Court now grants the motion to dismiss, and dismisses this action.

## DISCUSSION

Plaintiff Neil Rose, appearing *pro se*, filed this action pursuant to the civil suit provision of the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. § 1964(c). His complaint arises from a state court action in Clark County Superior Court, which was followed by a bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Washington at Tacoma. Plaintiff, who was the defendant and the losing party in the state court action, claims that both the state court and the bankruptcy proceedings were fraudulent, because a visiting judge[1] was assigned to handle the state court matter. It appears that defendant Miller, opposing counsel in the state court matter,

---

[1] Honorable Richard Eadie of the King County Superior Court was assigned to the matter.

ORDER GRANTING MOTION TO DISMISS -1

requested a judge from outside Clark County after plaintiff's own counsel Diane Woolard was appointed to the Clark County Superior Court bench.  Judgement was rendered against plaintiff and two corporations in the state court action.  There is no evidence in the record that plaintiff ever appealed the adverse state court judgment.  The prevailing parties then filed a petition for involuntary bankruptcy against plaintiff.  Defendant Miller served as counsel to bankruptcy trustee Kathryn Ellis for approximately sixteen months, and was succeeded in that capacity by defendant Dore.

From these facts, plaintiff has conjured up a conspiracy involving mail fraud and racketeering, with defendants Miller, Dore, and the bankruptcy trustee as defendants, and the Bankruptcy Court named as the racketeering enterprise.   Plaintiff's recent request to amend the complaint to name Judge Eadie and others from the state court action as additional defendants in this action has been denied.  Dkt. # 39.

Defendants Ellis and Dore, the bankruptcy trustee and her attorney,  moved previously to dismiss all claims against them, solely on the basis that they may not be sued for actions undertaken in their official capacities without leave from the Bankruptcy Court.  Their motion was granted.  Dkt. # 31.  Defendant Miller now moves to dismiss, asserting that ground and others in addition.

As noted in the Court's previous order, a party must obtain leave from the Bankruptcy Court before initiating an action against the bankruptcy trustee, or other officer appointed by the bankruptcy court, for acts done in the officer's official capacity. *In re Crown Vantage, Inc.*, 421 F. 3d 963 (9th Cir. 2005).  The rule applies to the attorney for the bankruptcy trustee as well. *In re DeLorean Motor Co.*, 991 F. 2d 1236, 1241 (6th Cir. 1993).  Indeed, "**all** legal proceedings that affect the administration of the bankruptcy estate [must] be brought either in bankruptcy court or with leave of the bankruptcy court." *In re Crown Vantage*, 421 F. 3d at 971 (emphasis added).  Without such leave, this Court lacks jurisdiction to consider the claims against the bankruptcy trustee and her attorneys.

Plaintiff has not obtained leave from the Bankruptcy Court to file this action.[2]   Therefore, the

---

[2] The Court notes that plaintiff has attached to his motion for reconsideration of the Court's previous Order a copy of a motion to the Bankruptcy Court, purportedly requesting leave to bring suit but also stating that the purpose of the motion is "to conclusively prove . . .  that [the Bankruptcy Court] and its WSBA judge, is [sic] under the complete control of a gang of racketeers. . . ."  Dkt. # 36, attachment, p. 15.  The copy bears no indication that the motion has actually been filed with the Bankruptcy Court, nor is there any assertion that the motion has been granted.

ORDER GRANTING MOTION TO DISMISS -2

action against defendant Miller for his acts as attorney to the bankruptcy trustee is subject to dismissal on this basis alone. Plaintiff's argument that the rule should not apply because the defendant's acts were illegal and were therefore not performed in his official capacity is entirely without merit. As to defendant's actions in the state court matter, any cause of action that plaintiff may have had against defendant Miller, prior to his appointment as attorney to the trustee, was subsumed into the bankruptcy and may only be asserted by the bankruptcy estate, not by plaintiff. 11 U.S.C. § 541.

Defendant has also asserted the *Rooker-Feldman* doctrine as a separate basis for dismissal of all claims in this suit. This doctrine is based "on the statutory proposition that federal district courts are courts of original, not appellate, jurisdiction. *See*, 28 U.S.C. §§ 1331, 1332. Therefore, federal courts have 'no authority to review the final determinations of a state court in judicial proceedings.'" *In re Sasson*, 424 F. 3d 864, 871 (9th Cir. 2005); *citing Worldwide Church of God v. McNair*, 805 F. 2d 888, 890 (9th Cir. 1986). The *Rooker-Feldman* doctrine precludes federal adjudication of what would amount to an impermissible collateral attack upon a state court judgment. *Ignacio v. Judges of the Court of Appeals for the Ninth Circuit*, 453 F. 3d 1160, 1165 (9th Cir. 2006).

Application of the doctrine is limited to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries,* 544 U.S. 280, 284 (2005). That is precisely the situation here: plaintiff is asserting that the state court judgment is void because of defects in the assignment of the case to Judge Eadie. Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to consider plaintiff's claim, however he may craft it.

Accordingly, defendant Miller's motion to dismiss is GRANTED, and the action against him is DISMISSED for lack of jurisdiction. As this Order disposes of all claims in this action, the Clerk shall close the file.

DATED this 1 day of November 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS -3